# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Edmond E. Chang | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 8458 | **DATE** | 4/9/2012 |
| **CASE TITLE** | Williams vs. Kubis | | |

**DOCKET ENTRY TEXT**

Plaintiff's motion for leave to file *in forma pauperis* [#4] is granted. The Court orders the trust fund officer at Plaintiff's current place of incarceration to deduct $10.81 from Plaintiff's account for payment to the Clerk of Court as an initial partial filing fee. The Clerk shall send a copy of this order to the trust fund officer at Stateville Correctional Center. However, summonses shall not issue at this time. The Court dismisses the complaint on file without prejudice. Plaintiff is granted 30 days to submit an amended complaint (plus a judge's copy and service copies). Failure to submit an amended complaint within thirty days of the date of this order will result in summary dismissal of this case. For the purpose of tracking the case, as status hearing is set for 05/23/12 at 8:30 a.m. The Clerk is directed to provide Plaintiff with an amended civil rights complaint form and instructions along with a copy of this order.

■[ For further details see text below.]                                                    Docketing to mail notices.

## STATEMENT

Plaintiff, currently in state custody at Vandalia Correctional Center, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims that on August 29, 2010, Defendants violated his rights pursuant to his arrest because they placed him in the back of the paddy wagon with his hands cuffed behind his back, ran a red light in an attempt to beat an oncoming train, and had to swerve to avoid an accident. As a result of Defendants actions, Plaintiff slid forward, hitting his head on the front wall of the compartment of the paddy wagon, injuring his head. Plaintiff alleges that one of the officers checked to see if he was hurt, and told him he would receive medical attention after he was booked. Plaintiff was sent to Rush Mercy Hospital where he was treated and kept over night for observation. Plaintiff alleges that due to his injuries, he suffers from migraines and anxiety attacks.

Plaintiff's motion for leave to proceed *in forma pauperis* is granted because he meets the indigency requirement. Pursuant to 28 U.S.C. § 1915(b)(1), Plaintiff is assessed an initial partial filing fee of $10.81. The trust fund officer at Plaintiff's place of incarceration is authorized and ordered to collect the partial filing fee from Plaintiff's trust fund account and pay it directly to the Clerk of Court. After payment of the initial partial filing fee, Plaintiff's trust fund officer is directed to collect monthly payments from Plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and this case number. This payment obligation will follow Plaintiff wherever he may be transferred.

The complaint fails, however, to state a claim upon which relief can be granted. A plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007). The plaintiff's claim must be "plausible" in that there are

## STATEMENT

"enough facts to raise a reasonable expectation that discovery will reveal evidence" that supports the plaintiff's allegations. *Bell Atlantic*, 550 U.S. at 556. Presumably, Plaintiff is asserting one of two legal theories. First, as a pre-trial detainee in custody, his custodians failed to protect him (the claim is akin to an Eighth Amendment failure to protect, although the precise claim for a pre-trial detainee is brought under the substantive due process clause, because the Eighth Amendment covers convicted prisoners only). The second possibility is that this is conscience-shocking executive action, in violation of the substantive due due process clause. *See County of Sacramento v. Lewis*, 523 U.S. 833, 848-49 (1998); *cf. Hill v. Shobe*, 93 F.3d 418, 421 (7th Cir. 1996). At the very least (the custodial protection claim is the easier case to make), Plaintiff must allege deliberate indifference to his safety. That standard is met only if the defendant acts with a criminally reckless state of mind, that is, he was subjectively aware of a serious risk and disregards it.