# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John Z. Lee | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 8458 | **DATE** | 6/20/12 |
| **CASE TITLE** | Kevin Williams (#K-60454) vs. Officer Kubis, et al. | | |

**DOCKET ENTRY TEXT:**

Plaintiff has submitted a proposed amended complaint, as ordered on April 9, 2012, which the Court reviews pursuant to 28 U.S.C. § 1915A. The Complaint is acceptable and Plaintiff may proceed with his claims. The Clerk is directed to issue summonses as to Defendants Kubis and Earwood, and the U.S. Marshal is directed to serve them. Defendants Aurora Police Department and the Township of Aurora are dismissed as Defendants.

■ [**For further details see text below.**]                                                Docketing to mail notices.

# STATEMENT

Plaintiff, currently in state custody at Vandalia Correctional Center, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. On April 9, 2012, the Court ordered Plaintiff to submit a proposed amended complaint, and Plaintiff has done so. In his proposed amended complaint, Plaintiff claims that on August 29, 2010, Defendants violated his rights pursuant to his arrest because they placed him in the back of the paddy wagon with his hands cuffed behind his back, ran a red light in an attempt to beat an oncoming train, and had to swerve to avoid an accident. As a result of Defendants actions, Plaintiff slid forward, hitting his head on the front wall of the compartment of the paddy wagon, injuring his head. Plaintiff alleges that one of the officers checked to see if he was hurt, and told him he would receive medical attention after he was booked. Plaintiff was sent to Rush Mercy Hospital where he was treated and kept over night for observation. Plaintiff alleges that due to his injuries, he suffers from migraines and anxiety attacks.

Under 28 U.S.C. § 1915A, the Court is required to conduct a prompt threshold review of the complaint. Here, accepting Plaintiff's allegations as true, the Court finds that Plaintiff has articulated a colorable federal cause of action against Defendants Kubis and Earwood for deliberate indifference to a substantial risk of serious harm. Where, as here, a police motor vehicle accident occurs in a non-emergency setting, such an accident offends the Constitution if the defendant was criminally reckless. *Hill v. Shobe*, 93 F.3d 418, 421 (7th Cir. 1996). "Criminal recklessness-which is the same as deliberate indifference-is a proxy for intent" and the test for criminal recklessness is a subjective standard. *Id.* Under the subjective standard, the plaintiff is required to "demonstrate that [the defendant] was willing to let a fatal collision occur." *Id.* Pursuant to the facts pled, and construing the complaint in the light most favorable to Plaintiff, accepting as true the well-pleaded allegations, and drawing all reasonable inferences in Plaintiff's favor, the Court finds that Plaintiff has stated a cause of action against Defendants Kubis and Earwood.

However, as Plaintiff was instructed in the Court's order of April 9, 2012, the Aurora Police Department is not a suable entity. *West By & Through Norris v. Waymire*, 114 F.3d 646, 646-47 (7th Cir. 1997); *Gray v. City of Chicago*, 159 F. Supp. 2d 1086, 1089 (N.D. Ill. 2001). Consequently, it is again dismissed as a Defendant.

Additionally, Plaintiff has named the Township of Aurora as a Defendant for failure to provide police vehicles (paddy wagons) with seatbelts. As a general rule, arrestees/prisoners have no right to seatbelts in a transport bus. A failure either to provide seatbelts or to secure available seatbelts does not, by itself,

**(CONTINUED)**

AWL

| STATEMENT  (continued) |
|---|

constitute a substantial risk of serious harm rising to the level of a constitutional violation. *See Taylor v. Stateville Dep't of Corr.*, No. 10 C 3700, 2010 U.S. Dist. LEXIS 127378 at **4-6 (N.D. Ill. December 1, 2010) (Coleman, J.); *citing Spencer v. Knapheide Truck Equip. Co.*, 183 F.3d 902, 906 (8th Cir. 1999) (failure to provide seatbelts or other safety restraints in patrol wagon did not constitute policy that presented a substantial risk of serious harm); *Smith v. Secretary for the Dep't of Corrections*, 252 Fed. Appx. 301, 303-04 (11th Cir. 2007) (failure to fasten inmate's seatbelt in converted utility van does not constitute a substantial risk of serious harm); *Dexter v. Ford Motor Co.*, 92 Fed. Appx. 637, 643 (10th Cir. 2004) ("failure to seatbelt an inmate does not violate the Constitution"); *Walls v. Kaho*, No. 5:06cv188, 2009 U.S. Dist. LEXIS 27840, 2009 WL 90117, at *2 (S.D. Miss. Mar. 31, 2009) (Parker, J.) (policy of refusing to seatbelt inmates during transport not give rise to a cognizable constitutional claim); *Dade v. Kennard*, No. 2:06CV869-TC, 2008 U.S. Dist. LEXIS 91962, 2008 WL 4879168, at * 3 (D. Utah Nov. 3, 2008) (Campbell, J.) (routine failure to properly secure seatbelt does not create a substantial risk of serious harm even where inmate is disabled or is otherwise unable to seatbelt himself); *Hughes v. Widup*, No. 2:07CV290, 2008 U.S. Dist. LEXIS 509, 2008 WL 56003, at *3 (N.D. Ind. Jan. 3, 2008) (Lozano, J.) (failure to seatbelt handcuffed and shackled inmate was not a constitutional violation); *Ingram v. Herrington*, No. 4:06CVP65M, 2007 U.S. Dist. LEXIS 71781, 2007 WL 2815965, at *5 (W.D. Ky. Sep. 26, 2007) (McKinley, J.) (failure to seatbelt prisoner did not constitute constitutional violation); *Young v. Hightower*, No. 04-10309, 2007 U.S. Dist. LEXIS 54507, 2007 WL 2214520, at *6 (E.D. Mich. Jul. 27, 2007) (Lawson, J.) (refusing to seatbelt shackled prisoner does not constitute an excessive risk to the inmate's health or safety); *Mojet v. Transport Driver*, No. 06:cv321, 2006 U.S. Dist. LEXIS 85412, 2006 WL 3392944, at *2 (N.D. Ind. Nov. 22, 2006) (Springman, J.) (transporting inmates in vehicles without seatbelts did not meet deliberate indifference standard); *Williams v. City of New York*, No. 03 C 5342, 2005 U.S. Dist. LEXIS 26143, 2005 WL 2862007, at *3 (S.D.N.Y. Nov. 1, 2005) (failure to provide seatbelts on prison transport van does not constitute a constitutional violation under Section 1983).

While an exception has been found to the general rule in cases in which there is also an allegation of unsafe driving, as in the case at hand (*see e.g., Brown v. Fortner,* 518 F.3d 552, 559 (8th Cir. 2008)), Aurora Township had no involvement in the alleged decision to drive unsafely, and consequently, under the facts pled, Plaintiff fails to state a claim against Aurora Township. *See Pepper v. Village of Oak Park,* 430 F.3d 805, 810 (7th Cir. 2005). Accordingly, Aurora Township is dismissed as a Defendant.

The Clerk shall issue summonses to Defendants Kubis and Earwood (hereinafter, "Defendants"), forthwith. The United States Marshals Service is appointed to serve Defendants. Any service forms necessary for Plaintiff to complete will be sent by the Marshal as appropriate to serve Defendants with process. The U.S. Marshal is directed to make all reasonable efforts to serve Defendants. If any Defendants can no longer can be found at the work address provided by Plaintiff, the Aurora Police Department shall furnish the Marshal with that Defendant's last-known address. The information shall be used only for purposes of effectuating service [or for proof of service, should a dispute arise] and any documentation of the address shall be retained only by the Marshal. Address information shall not be maintained in the Court file, nor disclosed by the Marshal. The Marshal is authorized to mail a request for waiver of service to Defendants in the manner prescribed by Fed. R. Civ. P. 4(d)(2) before attempting personal service.

Plaintiff is instructed to file all future papers concerning this action with the Clerk of Court in care of the Prisoner Correspondent. Plaintiff must provide the original plus a judge's copy of every document filed. In addition, Plaintiff must send an exact copy of any Court filing to Defendants [or to defense counsel, once an attorney has entered an appearance on Defendants' behalf]. Every document filed must include a certificate of service stating to whom exact copies were mailed and the date of mailing. Any paper that is sent directly to the judge or that otherwise fails to comply with these instructions may be disregarded by the Court or returned to Plaintiff.